IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| KENNETH R. BIRDO,<br>TDCJ-CID No. 02402313,<br><br>    Plaintiff,<br><br>v.<br><br>GREG ABBOTT, *et al.*,<br><br>    Defendants. | 2:24-CV-020-Z-BR |

## ORDER ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court are the Findings, Conclusions, and Recommendation ("FCR") of the United States Magistrate Judge to dismiss this case as frivolous pursuant to 28 U.S.C. Section 1915(e)(2)(B). ECF No. 20. Objections to the FCR have been filed. ECF No. 21.

After making an independent review of the pleadings, files, records, and objections in this case, the District Judge **OVERRULES** Plaintiff's Objections and concludes that the FCR of the Magistrate Judge is correct. It is therefore **ORDERED** that the FCR of the Magistrate Judge is **ADOPTED** and this case is hereby **DISMISSED with prejudice**.

### LEGAL STANDARD

A party may serve and file objections to a non-dispositive magistrate judge's order "within 14 days after being served with a copy." FED. R. CIV. P. 72(a). For these timely objections, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). However, for objections that are not filed within the fourteen-day period, the Court reviews the Magistrate Judge's findings and recommendations only for plain error. *Serrano v. Customs & Border Patrol, U.S. Customs & Border Prot.*, 975 F.3d 488, 502 (5th Cir. 2020).

ANALYSIS

The Magistrate Judge filed her FCR on August 29, 2025. ECF No. 20. Plaintiff filed his objections on September 10, 2025. ECF No. 21. Thus, this Court determines de novo any part of the Magistrate's disposition "that has been *properly* objected to." FED. R. CIV. P. 72(b)(3) (emphasis added).

As described in the FCR, Plaintiff has raised claims against (1) Greg Abbott, (2) Bryan Collier, (3) Elizabeth Beach, (4) Pia Lederman, (5) W. Chase Payne, (6) Adam Gonzales, (7) S. Parks and Major Miller, (8) Warden William Jones III, (9) Warden Schiwart and Major F. Martinez, (10) Nebiyu A. Tesfaw, and (11) Mike Marquez and Mark Allen. ECF No. 20 (detailing claims). Plaintiff also asks the Court for injunctive relief and a "declaratory judgment to overturn various court cases issued by both the U.S. Supreme Court and the Fifth Circuit Court of Appeals." ECF No. 20 at 24. The Court discusses each claim and corresponding objection.

### I. Claims against Greg Abbott

Plaintiff claims that Governor Greg Abbott, the "head ruler appointed to govern the State of Texas," is "aiding and assisting the Courts in treating Applicant as a captive by allowing human trafficking to take place in Texas Prisons" and that he attempts "to keep slavery and white supremacy alive by working in conspiracy." ECF Nos. 3 at 8, 11 at 1, 17 at 7. He also claims that Abbott failed to "hold accountable individuals who violate and pervert justice with premeditated schemes done behind the scenes in the court room." ECF No. 11 at 2. The Magistrate Judge's FCR recommends that Plaintiff's claims against Abbott "should be dismissed as frivolous." ECF No. 20 at 4.

Plaintiff "objects that he provided no specific facts," asserting that he "provided nothin' but facts" and "it can't get any more specific than that." ECF No. 21 at 2. Plaintiff states that he "can't be too delusional considering the fact that he clearly sees what's going

2

on within the entire Justice System designed in 'white' America." *Id.*

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327–28. Just so here. As the Magistrate Judge correctly states in her FCR, Plaintiff "provides no specific facts in support of these allegations." ECF No. 20 at 3. No factual support is provided—under Section 1915(e), the Court is not required to accept without question the truth of a *pro se* plaintiff's assertions. Plaintiff's claims as to Greg Abbott are factually frivolous, and Plaintiff has failed to state a claim upon which relief may be granted. Further, the Court need not consider frivolous, conclusive, or general objections of the sort found here. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). Accordingly, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** the FCR as to Plaintiff's claims against Greg Abbott.

### II. Claims against Bryan Collier

Plaintiff accuses Bryan Collier of "creating a digital mailing system" in "such a hateful way" that attempts to "silence captives who attempt to bring awareness to all kinds of prison abuse through outside support." ECF Nos. 3 at 8, 17 at 7. He further claims that Collier uses the digital mail system to censor statements that prisoners attempt to send out "about corrupted staff, and crimes committed by staff that are going undetected." ECF No. 11 at 2, 12. The Magistrate Judge's FCR recommends that Plaintiff's claims against Collier should be "dismissed as frivolous." ECF No. 20 at 6.

Plaintiff's objection, in its entirety, states that he "objects to his claims against Collier being dismissed as frivolous." ECF No. 21 at 2. As the Magistrate correctly states in her FCR, Plaintiff "has described no constitutional violation caused by the digital mail policy, nor has

3

he alleged facts to support a plausible claim against Collier arising from institution of the digital mail policy." ECF No 20 at 5. As Plaintiff's allegations are insufficient—and because his objection can easily be considered "frivolous, conclusive, or general"—the Court **OVERRULES** Plaintiff's objections and **ADOPTS** the FCR as to Plaintiff's claims against Bryan Collier. *See Battle*, 834 F.2d 419 at 421.

### III. Claims against Elizabeth Beach

Plaintiff states that Elizabeth Beach—the presiding judge of Criminal District Court No. 1 of Tarrant County, Texas—is "being sued for conspiring with a class of highly discriminative, priveleged [sic], individuals who impose oppression and slavery on people who commit crimes." ECF Nos. 3 at 8, 17 at 8. He claims that Beach creates "state laws that enable[] corrupted plots and schemes behind the scenes in court proceedings which strip individual, such as Applicant-Plaintiff, of equal opportunity of due-process and fairness." ECF Nos. 3 at 8–9, 17 at 8. Specifically, he claims that Beach "admitted lies into her court room in a charging instrument Plaintiff has never been charged or arraigned on" and retaliated against him because the crimes for which he was charged were "related to women." ECF No. 11 at 3, 13. The Magistrate's FCR recommends that because Plaintiff "failed to allege facts overcoming Beach's absolute judicial immunity," his claims "should be dismissed as frivolous." ECF No. 20 at 6.

Plaintiff "objects to Beach being absolutely judicial immune" and cites *Mireles v. Waco* to support his belief that "corrupt judges" should be "held reliable for perverting justice, enabling judges to aid and abet the United States in undermining the Constitution by practicing slavery and human trafficking." ECF No. 21 at 2–3; 502 U.S. 9 (1991).

As discussed in *Mireles*, judges are absolutely immune for damages arising out of acts done in the exercise of their judicial functions. *Mireles*, 502 U.S. at 11. Like other forms of official immunity, judicial immunity is an immunity entirely from suit—not just from

4

damages. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). As correctly stated by the Magistrate, Plaintiff has "failed to allege facts overcoming Beach's absolute judicial immunity." ECF No. 20 at 6. The Court **OVERRULES** Plaintiff's objections and **ADOPTS** the FCR as to Plaintiff's claims against Elizabeth Beach.

### IV. Claims against Pia Lederman

Plaintiff states that Pia Lederman "neglected her duties as a defense counsel" while representing him in his state court criminal proceedings. ECF Nos. 11 at 3, 17 at 8. He also alleges that she is "being sued for conspiring with a class of highly discriminative, privileged individuals who impose oppression and slavery on people who commit crimes" and that she "strategically and purposely fail[ed] to be effective on behalf of applicant operating as a snake in order to aid the state in a method of kangaroo court." ECF No. 3 at 9. The Magistrate's FCR recommends that Plaintiff's claims against Lederman "should be dismissed as frivolous," as he "alleged no facts showing that Lederman is a state actor." ECF No. 20 at 7.

Plaintiff "objects that claims against Lederman shouldn't be dismissed as frivolous," and states that he has "alleged several facts showing that Lederman is a state actor, even submitted exhibits of proof to substantiate his claims against her." ECF No. 21 at 3.

The Court specifically informed Plaintiff that "[a] defense attorney, whether appointed or retained, does not act under color of state law," and asked Plaintiff to explain "why [he] thinks Pia R. Lederman acted under color of state law." ECF No. 11 at 4. Plaintiff stated only that "Pia works for the state." As the Magistrate correctly determined, Plaintiff "has alleged no facts showing that Lederman is a state actor." Accordingly, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** the FCR as to Plaintiff's claims against Pia Lederman.

### V. Claims against W. Chase Payne

Plaintiff next alleges that W. Chase Payne, a Texas state court prosecutor, is "being

5

sued for conspiring with a class of highly discriminative, privileged individuals who impose oppression and slavery on people who commit crimes." ECF Nos. 3 at 9, 17 at 8. Specifically, Plaintiff contends that Payne falsified a charging instrument against Plaintiff, coerced an alleged victim to lie, and "aided the state of [Texas] in a corrupted scheme of human trafficking in prisons." ECF Nos. 11 at 4–5, 13, 17 at 3. The Magistrate's FCR recommends that Plaintiff's claims against Payne "be dismissed as frivolous," as Plaintiff "has alleged no facts that overcome Payne's prosecutorial immunity." ECF No. 20 at 7.

Plaintiff "objects to dismissal of claims against Payne" because "criminal prosecutors shouldn't be immune for civil suit for damages under Section 1983 in presenting the case especially when they strategically pervert justice." ECF No. 21 at 3. Plaintiff also states that certain United States Supreme Court and Fifth Circuit cases are "outdated and biased rulings that enable a sheild [sic] for wicked people operating as prosecutors to work with the white hierarchy in society to conduct slavery and entrapment systematically." *Id.*

Criminal prosecutors are immune from civil suits for damages under Section 1983 in presenting the state's case. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). This applies to the prosecutor's actions in initiating prosecution and carrying the criminal case through the judicial process. *See, e.g., Young v. Biggers*, 938 F. 2d 565, 569 (5th Cir. 1991); *Krueger v. Reimer*, 66 F.3d 75, 76–77 (5th Cir. 1995). Plaintiff has failed to allege any facts that overcome Payne's prosecutorial immunity. Accordingly, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** the FCR as to Plaintiff's claims against W. Chase Payne.

### VI. Claims against Adam Gonzales

Plaintiff alleges that Adam Gonzales conspired with "a class of highly discriminative privileged individuals who impose oppression and slave tactics on people who commit crimes, such as Plaintiff, by deliberately undermining the U.S. Constitution, state laws, and TDCJ policy." ECF No. 17 at 9. He also alleges that Gonzales allows "state officials at the Bill

6

Clements Unit to falsify documents, deny due process and mistreat Plaintiff with all kinds of harmful acts." *Id.* The Magistrate's FCR recommends that Plaintiff's claims against Gonzales "should be dismissed as frivolous." ECF No. 20 at 9.

Plaintiff "objects to his claims against Gonzales being dismissed as frivolous." ECF No. 21 at 4. Plaintiff states that "[t]he grievance system is broken and corrupted" and that alleged violations of the grievance procedure should "amount to constitutional violations." *Id.*

To the extent Plaintiff alleges that Gonzales has implemented an administrative grievance policy that violates his constitutional rights, Plaintiff has failed to state a plausible claim. There is no constitutionally protected right to a prison grievance system. *See, e.g., Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005) (holding that prisoners do not have a federally protected liberty interest in having grievances resolved to their satisfaction); *Alexander v. Tex. Dep't of Crim. Just.*, 951 F.3d 236, 240 (5th Cir. 2020) (affirming trial court's dismissal of inmate's claim that his grievances were mishandled or improperly denied, as prisoners have no due-process rights in the inmate grievance process). Accordingly, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** the FCR as to Plaintiff's claims against Adam Gonzales.

### VII. Claims against S. Parks and Major Miller

Next, Plaintiff alleges that Major Miller "conspire[ed] with a class of racist priveleged [sic] individuals who impose oppression and slavery on people of color," and that he imposed "excessive punishment on Applicant for being a black man in a physical altercation with several white inmates operating as turn keys for the prison." ECF Nos. 3 at 6, 17 at 10. Relatedly, Plaintiff alleges that Parks falsified a disciplinary report regarding fight by labeling him as the "aggressor." ECF No. 11 at 8, 14. The Magistrate's FCR states that because Plaintiff "failed to allege any due process violations against Miller or Parks," his

7

claims against them should be dismissed. ECF No. 20 at 11.

Plaintiff "objects to Magistrate's implications to dismiss claims alleged against S. Parks and Major Miller," and expresses his belief that "dissatisfaction with the handling of a disciplinary case, without more, should and does state a due process violation." ECF No. 21 at 5. Plaintiff states that "Heck should be applied to [his] Complaint, and [he] should be allowed to give oral argument, to be better understood, instead of corrupted questionaires [sic]." *Id.* at 6.

To establish a due process violation in connection with a disciplinary hearing, a prisoner must establish that he has been denied a "liberty interest that the prison action implicated or infringed." *Richardson v. Joslin*, 501 F.3d 415, 418 (5th Cir. 2007) (internal quotation omitted). Liberty interests are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Further, a bare claim that a disciplinary charge was false fails to state a claim upon which relief may be granted. *See Harris v. Smith*, 482 F. App'x 929, 930 (5th Cir. 2012); *Lasater v. Herrera*, 729 F. App'x 362, 362–63 (5th Cir. 2018) (allegation of a false disciplinary report failed to state a claim, and due process was not implicated where plaintiff lost prison privileges). The Court also agrees with the Magistrate's FCR noting that while any potential claims about loss of good-time credits could implicate due process concerns, Plaintiff's claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *See* ECF No. 20 at 10. Accordingly, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** the FCR as to Plaintiff's claims against S. Parks and Major Miller.

### VIII. Claims against Warden William Jones III

a. *Retaliation*

First, Plaintiff alleges that Warden William Jones III retaliated against him for filing

8

a grievance. ECF Nos. 17 at 9, 11 at 6. Specifically, Plaintiff contends that Jones began a verbal altercation with him that resulted in "staff" spraying Plaintiff with chemical agents that burned his skin. ECF No. 11 at 6, 7. He states that Jones "demanded that ranking officers repeatedly use chemical agents on [him], using excessive punishment." ECF No. 17 at 9. The Magistrate's FCR states that Plaintiff failed to provide any "factual allegations supporting his claim of retaliation against Jones, nor has he provided a chronology of events from which retaliation may be inferred." ECF No. 20 at 13. Accordingly, the FCR recommends Plaintiff's retaliation claim "be dismissed as frivolous." *Id.*

Plaintiff objects to decisions to dismiss claims against Warden Jones," contending that "everything [he] stated about Jones is true" and that "Jones retaliated on Plaintiff." ECF No. 21 at 6. Plaintiff requests that "any ruling that enables a warden to treat a prisoner in such manner should be overturned." *Id.* Finally, Plaintiff asserts that "the Magistrate involved in Plaintiff's cause must be a white woman." *Id.*

A valid retaliation claim requires a plaintiff to allege that: (1) he exercised a specific constitutional right; (2) the defendant intended to retaliate against him because he exercised that right; (3) he experienced a retaliatory adverse act; and (4) the adverse act would not have occurred but for a retaliatory motive. *Welsh v. Cammack*, No. 23-10961, 2024 WL 3649583 at *5 (5th Cir. 2024) (citing *Jones v. Greninger*, 188 F.3d 322, 324–25 (5th Cir. 1999)). "Mere conclusionary allegations of retaliation" are insufficient. *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995); *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997) (a plaintiff's "personal belief that he is the victim of retaliation" is insufficient to state a claim for relief). Here, Plaintiff has provided no factual allegations supporting a claim of retaliation against Warden Jones—instead, all that is offered is Plaintiff's personal belief that he has been retaliated against. Accordingly, the Court **OVERRULES** Plaintiff's objections and

**ADOPTS** the FCR as to Plaintiff's retaliation claim against William Jones III.

    b. *Excessive Force*

Plaintiff's objection consists entirely of the following sentence: "Plaintiff objects to everything Magistrate stated concerning the excessive force committed towards him." ECF No. 21 at 6. The Court need not consider frivolous, conclusive, or general objections of the sort found here. *See Battle*, 834 F.2d 419 at 421. Accordingly, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** the FCR as to Plaintiff's excessive force claim against William Jones III.

    c. *Lost Property*

Again, Plaintiff states only that he "objects to everything the Court stated concerning the loss of personal property." ECF No. 21 at 6. For the same reasons as stated above, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** the FCR as to Plaintiff's lost property claim against William Jones III.

### IX. Claims against Assistant Warden Schiwart and Major F. Martinez

Plaintiff's claims regarding Assistant Warden Schiwart and Major F. Martinez appear to arise from his dissatisfaction regarding the manner in which his grievances were handled. ECF No. 19 at 1–2. Specifically, Plaintiff states that Schiwart "falsified a state document when he responded to Plaintiff's Step 1 Grievance," and that "his response was biased, flawed, and one sided." *Id.* Relatedly, Plaintiff alleges that Martinez asked improper questions in investigating his grievance "only to take the information in order to label Plaintiff a snitch." *Id.* at 2. Plaintiff states that although he was not physically injured, his "feelings were hurt and still are." *Id.* at 5. The Magistrate's FCR recommends that because Plaintiff suffered "no physical injury," and because any complaints regarding an improper grievance investigation "fails to state a viable due process violation," his claims should be dismissed as frivolous.

Plaintiff's states in his objection that he "objects to the case laws used by the Court," as he believes that "a physical injury doesn't need to occur in order to prove the intent of a prison official." ECF No. 21 at 7. He also claims that "the Court is in kahootz with TDCJ." *Id.* Further, Plaintiff expresses his belief that the "resolution of [his] grievance has nothing to do with Plaintiff's satisfaction. It's simply about the truth and that's it as far as Plaintiff is concerned. For the Court to even say such a thing is flat out a lie." *Id.* Again, the Court does not consider frivolous, conclusive, or general objections of the sort found here. *See Battle*, 834 F.2d 419 at 421. Accordingly, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** the FCR as to Plaintiff's claims against Assistant Warden Schiwart and Major F. Martinez.

### X. Claims against Nebiyu A. Tesfaw

Plaintiff alleges that Tesfaw "discriminate[d] on Plaintiff by abusing his authority" and "treat[ed] Plaintiff with cruel and unusual punishment by retaliating on Plaintiff to aid other staff members in mistreating Plaintiff." ECF No. 17 at 5. The Magistrate's FCR recommends dismissing Plaintiff's claims as frivolous. ECF No. 20 at 19.

Plaintiff "objects to his claims against Tesfaw being dismissed as frivolous," claiming that the Court "misconstrued Plaintiff's written claim" because it did not provide oral argument. ECF No. 21 at 8. To properly state an Eighth Amendment violation, Plaintiff must have shown that he was exposed to a "substantial risk of serious harm" and that "prison officials acted or failed to act with deliberate indifference to that risk." *Gobert v. Caldwell*, 463 F.3d 339, 345–46 (5th Cir. 2006). Plaintiff's claims and objection fall short of this extremely high standard required to establish an Eighth Amendment violation. Accordingly, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** the FCR as to Plaintiff's claims against Nebiyu A. Tesfaw.

### XI. Claims against Mike Marquez and Mark Allen

Plaintiff alleges Marquez treated him with "deliberate indifference" after being aware

that Plaintiff was severely burned after Marquez "authorized [him] to cook grits." ECF No. 17 at 12. Plaintiff claims that Marquez and Allen threatened to write a false disciplinary case against him if he asked for medical care, as they would be blamed for his burns. ECF No. 19 at 3. The Magistrate's FCR recommended that Plaintiff's claims be dismissed as frivolous. ECF No. 20 at 22.

Plaintiff "object[s] to the Court's dismissal of his claims against Marquez and Allen as frivolous." ECF No. 21 at 8. He states that the "case laws are one-sided, biased, and has nothing to do with Plaintiff's situation" and that he "alleged that the burn caused the condition, and that the delay in medical care caused the condition to worsen." *Id.*

A prison official's deliberate indifference to a prisoner's serious medical needs can constitute a violation of the Eighth Amendment actionable under 42 U.S.C. Section 1983. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Deliberate indifference, however, is an "extremely high standard to meet" and requires a plaintiff showing that the defendant "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Brewster v. Dretke*, 587 F.3d 764, 770 (5th Cir. 2009) (citation and internal quotation omitted). A "serious medical need" is "one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required." *Gobert v. Caldwell*, 463 F.3d 339, 345 n.12 (5th Cir. 2006).

But, as the Magistrate correctly discusses, Plaintiff "has not alleged a serious medical need that either Marquez or Allen knowingly disregarded." ECF No. 20 at 21. Plaintiff alleges no facts that he requested medical care from Marquez or Allen or that had a "serious medical need" that even a layperson would recognize as requiring attention. Further, Plaintiff does not allege that the delay in medical care itself caused the condition—the skin burns. Plaintiff's conclusory statements do not meet his burden to plead specific facts showing that

12

Marquez or Allen violated his Eighth Amendment rights. *See Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995) (requiring a Section 1983 plaintiff to file a "short and plain statement of his complaint . . . that rests on more than conclusions alone"). Accordingly, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** the FCR as to Plaintiff's claims against Mike Marquez and Mark Allen.

### XII. Injunctive Relief

Plaintiff seeks a preliminary injunction to restrain the Clements Unit mail room from unreasonably delaying his receipt of mail. A preliminary injunction is an extraordinary remedy requiring the movant to unequivocally show it is entitled to such relief. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). To obtain one, the movant must show "(1) it is likely to succeed on the merits, (2) it is likely to suffer irreparable harm without an injunction, (3) the balance of equities tips in its favor, and (4) an injunction is in the public interest." *United States v. Abbott*, 110 F.4th 700, 706 (5th Cir. 2024) (citing *Winter*, 555 U.S. at 20).

Plaintiff merely states that he "objects to the injunctive relief being denied." ECF No. 21 at 8. And, as shown above, Plaintiff has not shown a substantial likelihood that he will prevail on the merits of his claims. The Court **OVERRULES** Plaintiff's objections and **ADOPTS** the FCR as to the denial of Plaintiff's request for injunctive relief.

### XIII. Declaratory Judgment

Finally, Plaintiff seeks a declaratory judgment to overturn various court cases issued by the United States Supreme Court and the Fifth Circuit Court of Appeals. ECF No. 17 at 13. Despite Plaintiff's objection—stating that the Court needs to use its jurisdiction "to its full ability concerning outdated case law"—the Court is without power to provide such relief. ECF No. 21 at 8. Accordingly, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** the FCR as to the denial of Plaintiff's request for declaratory judgment.

CONCLUSION

For the foregoing reasons, Plaintiff's Objections (ECF No. 21) are **OVERRULED**. The Court **ADOPTS** in full the FCR of the Magistrate Judge (ECF No. 20) and **DISMISSES** this case **with prejudice**.

**SO ORDERED.**

September 19, 2025

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE